IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAFAEL FERRER, *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>LEOVIGILDO COTTE-TORRES, *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1030 (JAG) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss filed by co-defendant the Municipality of Lajas (the "Municipality"). (Docket No. 16). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

In 2003, plaintiff Rafael Ferrer ("Ferrer") reached an agreement with the Commonwealth of Puerto Rico (the "Commonwealth") to design and develop a set of sculptures under a government program known as Public Art. (Docket No. 1, ¶¶ 13-14). These sculptures were designed to be specifically located at the "Malecón" of La Parguera in Lajas, Puerto Rico. (Id. ¶¶ 15-19). On October 2004, the sculptures were placed at the site; but on March 2011, they were removed. (Id. ¶¶ 20, 22).

Ferrer, Francoise Crandall and the Ferrer-Crandall Conjugal Partnership (collectively "Plantiffs"), filed this suit under the Puerto Rico Intellectual Property Act[1] ("PRIPA") alleging that the removal of Ferrer's sculptures, ordered by then-Mayor of the Municipality Leovigildo Cotte ("Cotte"), was done without the consent or authorization of Ferrer, the Commonwealth, or the pertinent government agencies. (Id. ¶ 22) Plaintiffs also allege that the removal was conducted without proper supervision and in a careless manner, causing severe material damages to the sculptures. According to the complaint, the sculptures were later handled as junk and abandoned on a municipal lot. (Id. ¶¶ 22-23). Plaintiffs claim damages of $1,000,000.00 for infringement of Ferrer's moral rights. (Id. ¶ 26).

The Municipality and Cotte (collectively "Defendants") failed to timely answer the complaint. After Plaintiffs so requested, the Clerk of the Court entered default against both defendants. (Docket No. 6-8). The case was then referred to Magistrate Judge

---

[1] Originally, this case was filed under Law No. 96 ("Law 96") of July 15, 1988 as amended, P.R. Laws Ann. tit 31 §§ 1401(a)-(i). (Docket No. 1 ¶ 25). But Law 96 was repealed two months after the filing of this case by Law No. 55 of March 9, 2012 ("PRIPA") and has yet to be incorporated in the Annotated Laws of Puerto Rico. See Art. 26 of PRIPA. PRIPA establishes an author's moral rights over his works and provides statutory damages for violations to these rights. See Art. 2(b) and 11 of PRIPA. In essence, moral rights protect "against harm to an author's dignity and person that ensues from an infringement of an author's work". Torres-Negron v. Rivera, 413 F.Supp.2d 84, 85 (D.P.R. 2006)

Marcos E. Lopez for a default hearing on damages; the hearing was held on June 27, 2013. (Docket No. 6-8, 10-12).

On July 3, 2013, the Municipality finally appeared and moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6). (Docket No. 16). With regard to subject matter jurisdiction, the Municipality argues that Plaintiffs did not meet the amount-in-controversy threshold because the Autonomous Municipalities Act's ("AMA") establishes a damages cap of $75,000.00 as to the Municipality. See P.R. Laws Ann. tit 21 § 4704. As to Rule 12(b)(6), the Municipality raises two arguments: that the rights and remedies under PRIPA are exclusively for the author, and therefore, Francoise Crandall and the Ferrer-Crandall Conjugal Partnership's PRIMA claims must be dismissed; and that Cotte's decision to remove the sculptures was a discretionary act, rather than a ministerial duty, which precludes a finding of liability against the Municipality. The Municipality hits the bull's-eye only once. We explain below.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. Federal courts have the duty of narrowly construing jurisdictional grants. Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Further, the party asserting jurisdiction has

Civil No. 12-1030 (JAG)                                              4

the burden of demonstrating the existence of federal jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Droz Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002).

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if

they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court must assess whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

## DISCUSSION

I. Subject matter jurisdiction

The Municipality argues that the amount-in-controversy minimum is not met because Plaintiff may not recover more than $75,000[2] from the Municipality.[3] This is incorrect.

The Municipality might have been successful if it alone were being sued, since "it would be apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." St. Paul Mercury Indemnity Co. v. Red Cab, 303 US 283, 289 (1938). But such is not the situation here: *there are multiple defendants in this case*. And when defendants are jointly liable, as they are

---

[2] See P.R. Laws Ann. tit 21 § 4704.
[3] See 28 U.S.C. § 1332(a) (requiring damages to be in excess of $75,000.00, exclusive of interest and costs, for the district courts to have original jurisdiction in diversity cases);

here,[4] a plaintiff *need not* satisfy the amount-in-controversy requirement against each defendant. First Transit, Inc. v. City of Racine, 359 F.Supp. 2d 782, 785 (E.D. Wis. 2005)( "Where a plaintiff sues two or more defendants in a diversity case, it must satisfy the amount in controversy requirement against each defendant *unless the defendants are jointly liable*." (citing Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir.2001))(emphasis ours)). The reason is that Plaintiffs' claim against Defendants is common and undivided. See Libby v. City Nat'l Bank, 592 F.2d 504, 510 (9th Cir. 1978). Plaintiffs here have in good faith[5] claimed damages

---

[4] Moral rights sound in tort. See Torres-Negron v. Rivera, 413 F.Supp.2d 84, 87 (D.P.R. 2006) ("[M]oral rights claims most closely fit under Article 1802 of the Civil Code . . . which addresses general tort claims based on fault and negligence and has been held to include the right to bring a claim for moral rights violations"). And it is hornbook law that multiple tortfeasors are jointly liable. See Wojciechowicz v. United States, 474 F.Supp.2d 291, 295 (2007)("[P]ursuant to Puerto Rico law, two or more individuals whose combined negligence causes plaintiff's injuries can be held jointly and severally liable as joint tortfeasors for plaintiff's damages." (citing Lopez de Robinson v. United States of America, 162 F.R.D. 256, 259 (D.P.R. 1995))). Here, the complaint alleges that the Municipality (through its workers) and Cotte are jointly liable for the moral rights violations. (Docket No. 1 ¶¶ 27-28). For these reasons, the Municipality's argument that Defendants are severally liable fails.

[5] The Municipality has not challenged the reasonableness of Plaintiffs' alleged damages; nor can it, given its default status. See Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F.Supp.2d 26, 30 (D.D.C. 2002) ("A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." (citing Trans World

of $1,000,000.00 against the Municipality and Cotte. So for jurisdictional purposes, the Municipality's statutory cap is simply irrelevant.

   II.   Failure to state a claim

The Municipality first argues that a cause of action under PRIPA is available only to Ferrer, and not to Francoise Crandall and/or the Ferrer-Crandall Conjugal Partnership. Here, the Municipality is correct. PRIPA specifically states that moral rights are the author's *exclusive* rights over his work. See Art. 2(b) of PRIPA. Furthermore, only the author or his beneficiaries may seek remedies for violations of moral rights. Id. Art. 11. Therefore, Crandall and the Partnership's PRIPA claims are dismissed.

Second, the Municipality contends that Cotte's actions were discretionary; and the Municipality thus cannot be held liable. See P.R. Laws Ann. tit. 21 § 4705 (precluding tort claims against the municipalities for a public official's exercise of discretionary functions). The Municipality is wrong. Among a mayor's ministerial duties is the "administ[ration] of real property and chattels of the municipality in accordance with the applicable provisions of law, ordinances and regulations, as

---

Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2nd Cir. 1971), *rev'd on other grounds*, 409 U.S. 363(1973))).

well as the assets in the public domain with whose custody he/she is charged by law". P.R. Laws Ann. Tit. 21 § 4109(g). Certainly, a mayor's decision to remove sculptures in the Municipality falls within the scope of administrating real property and chattels.[6] The Municipality also overlooks that Plaintiffs do not only implicate Cotte, but also allege the participation of municipal workers in the removal and handling of the sculptures — those being the actions that caused the damages alleged. (Docket No. 1, ¶¶ 23, 26). True enough, the Municipality does not address the liability that may attach for its workers' actions.

The Court finds that Cotte's actions regarding Ferrer's sculptures pertain to his duties as Mayor of the Municipality; liability may thus attach to the Municipality. And even if Cotte's actions were discretionary, the Municipality may still be held liable for the municipal workers' actions. Ferrer's claim under PRIPA survives.

## CONCLUSION

For the reasons stated above, the Municipality's motion is **GRANTED IN PART** and **DENIED IN PART.** Francoise Crandall and the

---

[6] The Court notes that the Municipality conceded that it would be liable if the sculptures' removal was part of a mayor's ministerial duties (Docket No. 16 p. 5) or if the act was not discretionary in nature. (Docket No. 22-1 p. 2-3).

Civil No. 12-1030 (JAG)                                                9

Ferrer-Crandall Conjugal Partnership's PRIPA claims shall be dismissed.

IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 28th day of March, 2014.

                                              S/Jay A. Garcia-Gregory
                                              JAY A. GARCIA-GREGORY
                                           United States District Judge